IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| JOHN D. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 6:13-CV-00656-JO |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | OPINION AND ORDER |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

JONES, District Judge

    Plaintiff John D. Parker appeals the Commissioner's decision denying his concurrent applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

## PRIOR PROCEEDINGS

    Parker alleges disability beginning June 29, 2007, due to partial hearing loss, osteogenesis imperfecta, torn ligaments, affective disorder, remote history of drug abuse, sciatica, partial left thumb amputation, and headaches. Admin. R. 172. He alleges that pain in his back, knees, elbow, and neck limited his ability to walk, stand, sit, and lift. He also alleges difficulty handling small objects due to his partial thumb amputation. Admin. R. 172.

1 - OPINION AND ORDER

The Administrative Law Judge (ALJ) applied the sequential disability determination process described in 20 C.F.R. sections 404.1520 and 416.920. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found that Parker's ability to work was adversely affected by degenerative disc disease of the lumbar spine, hearing loss, finger amputation, methamphetamine dependence in remission, and osteogenesis imperfecta. Admin. R. 24. The ALJ determined that Parker failed to establish the criteria for any of the presumptively disabling conditions listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("Listing of Impairments"). Admin. R. 25. The ALJ found that Parker retained the residual functional capacity (RFC) to perform less than the full range of light work. The ALJ determined that Parker could lift and carry twenty pounds occasionally and ten pounds frequently, sit six hours out of an eight-hour day, and stand two hours out of an eight-hour day. He further found that Parker could occasionally climb ladders, ropes, and scaffolds and occasionally stoop, kneel, crouch, and crawl. He could frequently climb ramps and stairs, and frequently balance. Additionally, the ALJ found that Parker should only have occasional exposure to excessive noise and that he required a sit/stand option. Admin. R. 26.

The ALJ determined that Parker could not perform past relevant work. Admin. R. 29. The ALJ then elicited testimony from a vocational expert (VE), who said jobs exist in the national economy that a person with Parker's RFC could perform. Admin. R. 25, 58. Accordingly, the ALJ concluded Parker was not disabled within the meaning of the Social Security Act. Admin. R. 29, 30.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). The Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson,* 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

**DISCUSSION**

I.   <u>**Claims of Error**</u>

Parker contends the ALJ failed to accurately assess his RFC because the ALJ did not include limitations from Parker's partial left thumb amputation, did not consider and credit the determinations by the Oregon Vocational Rehabilitation Division that Parker was "Most Significantly Disabled," did not credit Parker's own statements, and did not credit the limitations observed by Parker's father. Additionally, Parker argues that the ALJ's RFC finding is internally inconsistent. Parker also alleges the ALJ erred at step five of the disability determination process by failing to consider the opinion of Mark A. McGowan, MS, CRC, COMS, and erroneously relying on the vocational expert's testimony on the number of jobs available in the national economy.

II.   <u>**RFC Assessment**</u>

A.   <u>**Partial Left Thumb Amputation**</u>

Parker alleges the ALJ failed to include limitations from Parker's partial left thumb amputation in his RFC assessment. The claimant bears the burden of producing evidence and proving the functional limitations that make up a claimant's RFC. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). Parker failed to produce evidence of functional limitations from his amputation. Admin. R. 28.

No physician found Parker to experience manipulative limitations due to his partial thumb amputation, and Dr. Ramchandani, an evaluating physician, opined that Parker had no manipulative limitations. Admin. R. 409. The ALJ gave Dr. Ramchandani's opinion significant weight. Admin. R. 28. The ALJ also considered that plaintiff routinely engaged in a number of activities without difficulties from his amputation, including providing home health care assistance to his father, playing computer games, and performing household tasks. Admin. R. 27, 28. Thus, substantial evidence in the record indicated that Parker's amputation did not produce any manipulative limitations.

**B.    Oregon Vocational Rehabilitation Division Disability Determination**

Parker claims that the ALJ erred in neglecting to consider and credit the determination by the Oregon Vocational Rehabilitation Division that Parker was "Most Significantly Disabled." Disability determinations by other government agencies must be considered by the ALJ, but the ALJ is not bound by them. Social Security Ruling (SSR) 06-03p, 2006 SSR LEXIS at *5. However, the Oregon Vocational Rehabilitation Division determination is irrelevant because the agency makes eligibility determinations, not disability determinations. The form that lists Parker's eligibility determination states that VR services can help Parker "prepare for, enter into, engage in, *or retain* gainful employment." Admin. R. 253 (emphasis added). This means that the Office of Vocational Rehabilitation Services can characterize an individual as "Most Significantly Disabled" even if he or she is currently employed and engaged in substantial gainful activity, a fact which would preclude a finding of disability by the SSA. *Link v. Astrue*, 2012 U.S. Dist. LEXIS 149415 at * 30. The characterization of Parker as "Most Significantly Disabled" simply indicated that he was deemed qualified to receive vocational rehabilitation services. *Link v. Astrue* at *30. Thus, the Oregon Vocational Rehabilitation Division's

eligibility determination cannot be characterized as disability determination within the meaning of SSR 06-03. *Link v. Astrue* at *29.

### C.    Credibility Determination

Parker contends the ALJ improperly discounted his statements about the limiting effects of his impairments. The ALJ found that Parker's impairments could reasonably be expected to produce some of the symptoms Parker alleged, but found Parker lacked credibility regarding the extent to which his symptoms limited his ability to function. Admin. R. 26. An adverse credibility determination must include specific findings supported by substantial evidence and clear and convincing reasons. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). The findings must be sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ gave clear and convincing reasons for discounting Plaintiff's credibility. The ALJ identified evidence that Parker engaged in activities that suggested his physical limitations were not as debilitating as he claimed, including playing computer games, doing yard work, and taking care of his father. Admin. R. 26-28. Inconsistencies between claimant's statements about his symptoms and his conduct support an adverse credibility finding. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

In 2007, Parker reported to vocational rehabilitation services that he could lift and carry twenty pounds routinely and up to fifty pounds occasionally. Admin. R. 27. With the help of the vocational rehabilitation services, Parker was offered a job at a car dealership. Parker never started this job because his father became ill and Parker had to provide him 24-hour in home health care assistance. Admin. R. 27, 292. When a claimant declines work for reasons unrelated

to disability, the AJL may draw an adverse inference as to his claim of disability. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

The ALJ also determined that the claimant did not stop working because of his impairments. Parker's last full-time work ended in 2001, six years before his alleged disability onset date. He stopped working after his mother and sister passed away and he fell into heavy methamphetamine use, which lasted until 2006. Admin. R. 27. Parker also reported working part time doing lawn care up until 2008. Admin. R. 28. There is no evidence that Parker's medical conditions worsened at the time of his alleged onset date. Admin. R. 27.

Furthermore, the ALJ found no clinical evidence to support the severity of limitations Parker alleged. He noted that Parker received minimal treatment for his pain, and there were long periods of time during which Parker sought no medical care. Admin. R. 27. When a claimant receives minimal or conservative treatment for his allegedly debilitating symptoms, the ALJ may draw an adverse inference as to the credibility of his claims. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

For the above reasons, the ALJ did not find Parker's statements concerning the intensity, persistence and limiting effects of his symptoms to be credible. Admin. R. 26. This finding is supported by substantial evidence and shows that the ALJ did not arbitrarily discount Parker's credibility. His reasoning is clear and convincing. *Carmickle*, 533 F.3d at 1160; *Tommasetti*, 533 F.3d at 1039. I find no error in the ALJ's credibility determination.

D.    **Lay Witness Statement**

Parker alleges that the ALJ improperly ignored the lay witness statement of his father, David Parker. An ALJ must consider the testimony of a lay witness, but may discount it for reasons germane to the witness. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694

(9th Cir. 2009). The ALJ's reasoning must be supported by substantial evidence, but may appear anywhere in the decision without being tied directly to the evaluation of the lay witness statement. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ considered David Parker's testimony concerning Parker's daily activities. Admin. R. 28. The ALJ did not find David Parker's testimony inconsistent with his RFC assessment which limited Parker to light tasks. Accordingly, the ALJ did not reject or ignore the lay witness testimony and was not required to state reasons for doing so.

If the ALJ discredited David Parker's testimony at all, it was only insofar as his statements suggested that the impairments he described were so limiting that they would preclude Parker from sustaining light types of tasks on a regular basis. The ALJ's decision includes germane reasons for this conclusion supported by substantial evidence. In particular, the ALJ found that Parker served as the primary caregiver for his father, who required extensive amounts of care. This is directly supported by David Parker's testimony that his son shops for groceries, does laundry and dishes, does yard work, takes him to doctors appointments, and helps him get in and out of the car. Admin. R. 28. This reasoning provides an adequate basis for the ALJ's evaluation of the lay witness testimony. *Valentine*, 574 F.3d at 694; *Lewis*, 236 F.3d at 512.

Even if David Parker's testimony could be interpreted differently, the court must uphold the ALJ's interpretation because it is supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Batson*, 359 F.3d at 1193; *Andrews*, 53 F.3d at 1039-40.

### E.    Internal Inconsistency

Parker contends that the ALJ's RFC finding is internally inconsistent because the ALJ restricted Parker to two hours of standing but determined that Parker could lift and carry twenty pounds occasionally and ten pounds frequently, frequently climb ramps and stairs, and frequently balance. Admin. R. 26. Frequently is defined as "occurring from one-third to two-thirds of the time." SSR 83-10 at *6, *available at* 1983 WL 31251. Therefore, frequent lifting or carrying requires standing or walking for approximately six hours of an eight-hour workday. SSR 83-10 at *6. This is clearly at odds with the ALJ's determination that Parker can only stand for two hours of an eight-hour workday.

This inconsistency within the ALJ's RFC determination, however, did not affect the final determination. The occupations identified by the VE at step five of the analysis were all classified as sedentary occupations. Admin. R. 30, 76. Sedentary work requires standing or walking for no more than two hours of an eight-hour workday. SSR 83-10 at *6. This is consistent with the ALJ's determination that Parker can stand for two hours a day. Because Parker's RFC does not preclude him from performing sedentary work, and the jobs that the ALJ determined Parker could perform at step five were all sedentary, the outcome of the case is not affected by the inconsistency within the RFC. Therefore the inconsistency was a harmless error. *See Molina*, 674 F.3d at 1115 (an error is harmless if, looking at the record as a whole, the error does not alter the outcome of the case); *Carmickle*, 533 F.3d at 1162-63 and n. 4 (an error is harmless if the ALJ's determination remains supported despite the error).

III.    **Vocational Assessment**

A.    **VE Testimony**

Parker contends that the ALJ's job numbers finding is not supported by substantial evidence. The ALJ determined Parker can perform jobs that exist in significant numbers in the national economy. He relied on the testimony of the vocational expert (VE) to make this determination. The VE utilized the program Job Browser Pro to come up with a representative sample of jobs that a person with Parker's RFC could perform. Admin. R. 76, 84. She identified three representative jobs: table worker, stuffer, and sorter. She testified that there are approximately 400,000 table worker jobs nationally and 4,900 in Oregon; 310,000 stuffer jobs nationally and 4,000 in Oregon; and 400,000 sorter jobs nationally and 4,000 in Oregon. Admin. R. 76. Pursuant to SSR 00-4p, the ALJ determined that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. He then concluded that work exists in significant numbers in the national economy that Parker is capable of doing, and therefore Parker is not disabled. Admin. R. 30.

Parker alleges that the job numbers the ALJ relied on should not be considered substantial evidence because they did not represent the specific number of stuffers, table workers or sorters in the economy. Instead, her numbers included all jobs under the same grouping as the three representative jobs – 74 different jobs in total.

An ALJ is entitled to rely solely on the VE's testimony. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (*citing Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995)). A VE's "recognized expertise provides the necessary foundation for his or her testimony . . . no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Because the VE's expertise alone is a sufficient foundation, neither

the ALJ nor the VE was required to identify the methodology used to determine the jobs Parker can perform. *Bayliss*, 427 F.3d at 1218. The VE did, however, identify that she utilized Job Browser Pro in addition to her training, experience and expertise to determine the numbers of each occupation in the national and local economy. Admin. R. 82, 84. The VE's testimony based on this information obtained from Job Browser Pro was reliable and substantial evidence of the number of jobs available in the national economy that Parker can perform. *Cole v. Astrue*, 2011 U.S. Dist. LEXIS 128012 (D. Or. Nov. 4, 2011).

Furthermore, even if the VE's data could be interpreted in the way Parker contends, "where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In addition, "when the record contains ambiguous or conflicting evidence, the Administration is responsible for resolving the conflict." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). Therefore the ALJ's decision must be upheld.

**B.    Opinion of Mark A. McGowan, MS, CRC, COMS**

Finally, Parker contends the ALJ erred in failing to consider the opinion of Mark A. McGowan, MS, CRC, COMS. At the ALJ hearing, Parker's counsel offered up a report written by McGowan regarding the number of jobs available in the occupation of stuffer. Admin. R. 85. McGowan wrote this report a year earlier for use in another case. This report is not probative evidence, and the ALJ did not need to discuss it.

The report dealt solely with the occupation of stuffer. Since Parker's partial left thumb amputation does not cause him any manipulative limitations he is capable of performing the jobs of table worker and sorter in addition to stuffer. Even if McGowan's letter accurately established the number of stuffer jobs available in the national economy, "work exists in the national

economy when there is a significant number of jobs (in *one* or more occupations) having

requirements which you are able to meet." 20 C.F.R. § 404.1566(b) (emphasis added). Despite

McGowan's report, the ALJ had ample support to determine the existence of table worker and

sorter positions. If the ALJ erred in failing to consider the report, the error was harmless.

Therefore the report does not constitute probative evidence and the ALJ did not err by failing to

discuss it.

### **CONCLUSION**

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

DATED this _22n̄ _ day of July, 2014.

                        Robert E. Jones, Senior Judge
                        United States District Court